IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LODSYS GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GMCI INTERNET OPERATIONS, INC.; <br> PLAYBOY ENTERPRISES, INC.; <br> RK NETMEDIA, INC.; <br> SCORE INTERNET GROUP, LLC; <br> VOUYER MEDIA, INC.; <br><br> Defendants. | CIVIL ACTION NO.  2:12-cv-291 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Lodsys Group, LLC ("Lodsys"), for its complaint against the above-named defendants, alleges as follows:

**THE PARTIES**

1. Lodsys is a Texas limited liability company with its principal place of business in Marshall, Texas.

2. Defendant GMCI Internet Operations, Inc. ("GMCI") is a New York corporation with its principal place of business in Boca Raton, Florida.

3. Defendant Playboy Enterprises, Inc. ("Playboy") is a Delaware corporation with its principal place of business in Chicago, Illinois.

4. Defendant RK Netmedia, Inc. ("RK Netmedia") is Florida corporation with its principal place of business in Miami, Florida.

5. Defendant Score Internet Group, LLC ("Score") is a Florida limited liability company with its principal place of business in Doral, Florida.

6. Defendant Vouyer Media, Inc. ("Vouyer") is a California corporation with its principal place of business in Westlake Village, California.

1

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that defendants reside in this district, a substantial part of the events giving rise to the claims occurred in this district, and/or the defendants have a regular and established practice of business in this district and have committed acts of infringement in this district.

8. This Court has general and specific personal jurisdiction over defendants, because each defendant has substantial contacts with the forum as a result of conducting substantial business in the State of Texas and within this district. Upon information and belief, each defendant regularly solicits business in the State of Texas and this district; derives revenue from products and/or services provided to individuals residing the State of Texas and this district; conducts business utilizing the claimed systems and methods with and for customers residing in the State of Texas and this district; and provides and/or markets products and services directly to consumers in the State of Texas and this district.

9. Defendants are properly joined in this action because each of the defendants make, import, sell, or use infringing adult websites with try and buy subscription solicitations and/or the same infringing process.

## INFRINGEMENT OF U.S. PATENT NO. 7,222,078 B2

10. On May 22, 2007, U.S. Patent No. 7,222,078 (the "'078 patent") was duly and legally issued for "Methods and Systems for Gathering Information from Units of a Commodity Across a Network." A true and correct copy of the '078 patent is attached hereto as Exhibit A. Lodsys is the owner by assignment of all rights, title, and interest in and to the '078 patent.

11. Defendant GMCI has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. GMCI manufactures, uses, sells, imports, and/or offers to sell infringing adult websites with try and buy subscription solicitations,

including but not limited to www.penthouse.com, which infringes at least claim 1 of the '078 patent under 35 U.S.C. § 271.

12. Defendant Playboy has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Playboy manufactures, uses, sells, imports, and/or offers to sell infringing adult websites with try and buy subscription solicitations, including but not limited to www.playboy.com, which infringes at least claim 1 of the '078 patent under 35 U.S.C. § 271.

13. Defendant RK Netmedia has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. RK Netmedia manufactures, uses, sells, imports, and/or offers to sell infringing adult websites with try and buy subscription solicitations, including but not limited to www.realitykings.com, which infringes at least claim 1 of the '078 patent under 35 U.S.C. § 271.

14. Defendant Score has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Score manufactures, uses, sells, imports, and/or offers to sell infringing adult websites with try and buy subscription solicitations, including but not limited to www.18eighteen.com, which infringes at least claim 1 of the '078 patent under 35 U.S.C. § 271.

15. Defendant Vouyer has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Vouyer manufactures, uses, sells, imports, and/or offers to sell infringing adult websites with try and buy subscription solicitations, including but not limited to www.vouyermedia.com, which infringes at least claim 1 of the '078 patent under 35 U.S.C. § 271.

16. Defendants GMCI, Playboy, RK Netmedia, Score, and Vouyer's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of Lodsys' exclusive rights under the '078 patent will continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Defendants' infringement is willful and deliberate, including because defendants became aware of the infringing nature of their respective products and services at the latest when they received a notice letter from Lodsys and/or the filing of Lodsys' complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lodsys respectfully requests a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lodsys Group, LLC, respectfully requests entry of judgment in its favor and against defendants as follows:

(a)  Declaration that Defendants GMCI, Playboy, RK Netmedia, Score, and Vouyer have infringed U.S. Patent No. 7,222,078;

(b)  Awarding the damages arising out of Defendants GMCI, Playboy, RK Netmedia, Score, and Vouyer's infringement of U.S. Patent No. 7,222,078 to Lodsys, together with pre-judgment and post-judgment interest, in an amount according to proof;

(c)  Finding defendants' infringement to be willful from the time that defendants became aware of the infringing nature of their respective products and services, which is the time of receiving a notice letter from Lodsys or the filing of Lodsys' complaint at the latest, and awarding treble damages to Lodsys for the period of such willful infringement pursuant to 35 U.S.C. § 284;

(d) Permanently enjoining defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent No. 7,222,078, or in the alternative, awarding a royalty for post-judgment infringement;

(e) Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

(f) Awarding such other costs and further relief as the Court may deem just and proper.

Dated:  May 10, 2012

Respectfully Submitted,

By:  /s/ William E. Davis, III
William E. "Bo" Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM, PC**
111 West Tyler Street
Longview, Texas 75601
Phone:  (903) 230-9090
Fax:  (903) 230-9090
Email:  bdavis@bdavisfirm.com

Michael A. Goldfarb
Christopher M. Huck
Kit W. Roth
**KELLEY, DONION, GILL, HUCK & GOLDFARB, PLLC**
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Phone:  (206) 452-0260
Fax:  (206) 397-3062
Email: goldfarb@kdg-law.com
       huck@kdg-law.com
       roth@kdg-law.com

Attorneys for Plaintiff Lodsys Group, LLC