IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **LODSYS, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GMCI INTERNET OPERATIONS, INC.; PLAYBOY ENTERPRISES, INC.; RK NETMEDIA, INC.; SCORE INTERNET GROUP, LLC; VOUYER MEDIA, INC.**<br><br>**Defendants.** | Civil Action No. 2:12-cv-291 (JRG-RSP)<br><br>JURY TRIAL DEMANDED |

### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT ON BEHALF OF DEFENDANT SCORE INTERNET GROUP, LLC

Defendant, SCORE INTERNET GROUP, LLC ("Score") answers the Complaint for Patent Infringement of Plaintiff, Lodsys, LLC ("Lodsys") as follows:

### THE PARTIES

1. Lodsys is a Texas limited liability company with its principal place of business in Marshall, Texas.

**Answer**: Score lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, denies same and demands strict

1

proof thereof.

2. Defendant GMCI Internet Operations, Inc. ("GMCI") is a New York corporation with its principal place of business in Boca Raton, Florida.

**Answer**: Score lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, therefore, denies same and demands strict proof thereof.

3. Defendant Playboy Enterprises, Inc. ("Playboy") is a Delaware corporation with its principal place of business in Chicago, Illinois.

**Answer**: Score lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and, therefore, denies same and demands strict proof thereof.

4. Defendant RK Netmedia, Inc. ("RK Netmedia") is a Florida corporation with its principal place of business in Miami, Florida.

**Answer**: Score lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, therefore, denies same and demands strict proof thereof.

5. Defendant Score Internet Group, LLC ("Score") is a Florida limited liability company with its principal place of business in Doral, Florida.

**Answer**: Admits.

6. Defendant Vouyer Media, Inc. ("Vouycr") is a California corporation with its principal place of business in Westlake Village, California.

**Answer**: Score lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 6 and, therefore, denies same and demands strict proof thereof.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that defendants reside in this district, a substantial part of the events giving rise to the claims occurred in this district, and/or the defendants have a regular and established practice of business in this district and have committed acts of infringement in this district.

**Answer**: Score admits that this lawsuit purports to be an action for patent infringement arising under the patent laws of the United States. Score admits that this Court has jurisdiction over such action under 28 U.S.C. §§ 1331 and 1338(a). Score denies the remaining allegations set forth in paragraph 7 and demands strict proof thereof.

8. This Court has general and specific personal jurisdiction over defendants, because each defendant has substantial contacts with the forum as a result of conducting substantial business in the State of Texas and within this district. Upon information and belief, each defendant regularly solicits business in the State of Texas and this district; derives revenue from products and/or services provided to individuals residing the State of Texas and this district; conducts business utilizing the claimed systems and methods with and for customers residing in the State of Texas and this district; and provides and/or markets products and services directly to consumers in the State of Texas and this district.

**Answer**: Score denies the allegations in Paragraph 8 as they relate to Score and demands

strict proof thereof. Score lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 as to the remaining Defendants and, therefore, denies same and demands strict proof thereof.

9. Defendants are properly joined in this action because each of the defendants make, import, sell, or use infringing adult websites with try and buy subscription solicitations and/or the same infringing process.

**Answer**: Score denies the allegations in Paragraph 9 as they relate to Score and demands strict proof thereof.

10. On May 22, 2007, U.S. Patent No. 7,222,078 (the "'078 patent") was duly and legally issued for "Methods and Systems for Gathering Information from Units of a Commodity Across a Network." A true and correct copy of the '078 patent is attached hereto as Exhibit A. Lodsys is the owner by assignment of all rights, title, and interest in and to the '078 patent.

**Answer:** As to the '078 patent's number, title and issue date, the patent is the best evidence of its terms and no response is required. Score lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10 and, therefore, denies same and demands strict proof thereof.

11. Defendant GMCI has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. GMCI manufactures, uses, sells, imports, and/or offers to sell infringing adult websites with try and buy subscription solicitations, including but not limited to www.penthouse.com, which infringes at least claim 1 of the '078 patent under 35 U.S.C. § 271.

**Answer**: Score lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 11 and, therefore, denies same and demands strict proof thereof.

12.   Defendant Playboy has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Playboy manufactures, uses, sells, imports, and/or offers to sell infringing adult websites with try and buy subscription solicitations, including but not limited to www.playboy.com, which infringes at least claim 1 of the '078 patent under 35 U.S.C. § 271.

**Answer**: Score lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies same and demands strict proof thereof.

13.   Defendant RK Netmedia has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. RK Netmedia manufactures, uses, sells, imports, and/or offers to sell infringing adult websites with try and buy subscription solicitations, including but not limited to www.realitykings.com, which infringes at least claim 1 of the '078 patent under 35 U.S.C. § 271.

**Answer**: Score lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, denies same and demands strict proof thereof.

14.   Defendant Score has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Score manufactures, uses, sells, imports,

and/or offers to sell infringing adult websites with try and buy subscription solicitations, including but not limited to www.18eighteen.com, which infringes at least claim 1 of the '078 patent under 35 U.S.C. § 271.

**Answer**: Score denies the allegations in Paragraph 14 and demands strict proof thereof.

15. Defendant Vouyer has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Vouyer manufactures, uses, sells, imports, and/or offers to sell infringing adult websites with try and buy subscription solicitations, including but not limited to www.vouyermedia.com, which infringes at least claim 1 of the '078 patent under 35 U.S.C. § 271.

**Answer**: Score lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, therefore, denies same and demands strict proof thereof.

16. Defendants GMCI, Playboy, RK Netmedia, Score, and Vouyer's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of Lodsys' exclusive rights under the '078 patent will continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Defendants' infringement is willful and deliberate, including because defendants became aware of the infringing nature of their respective products and services at the latest when they received a notice letter from Lodsys and/or the filing of Lodsys' complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**Answer**: Score denies the allegations in Paragraph 16 as they relate to Score and demands strict proof thereof. Score lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 as to the remaining Defendants and, therefore, denies same and demands strict proof thereof.

## SCORE'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Score is not presently infringing nor has it ever infringed either directly or indirectly any valid and enforceable claim of the '078 patent, either literally or under the doctrine of equivalents.

2. Score is not contributing and has not contributed to the infringement of any valid and enforceable claim of the '078 patent, either literally or under the doctrine of equivalents.

3. Score is not inducing and has not induced others to infringe any valid and enforceable claim of the '078 patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

4. On information and belief, the '078 patent is invalid for a failure to satisfy the conditions of patentability as specified under one or more sections of 35 U.S.C., including but not limited to, 35 U.S.C. §§102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

5. On information and belief, Plaintiff is estopped from asserting infringement of the '078 patent against any products or methods used by Score because during the prosecution of the applications for the '078 patent before the United States Patent and Trademark Office, specific admissions and amendments were made on behalf of the applicant for such patents, in view of the scope and content of the prior art and Plaintiff is now estopped, by the doctrine of prosecution history estoppel, from asserting

any claim construction and/or scope of the claims of the patent-in-suit that would cover any products or methods used by Score.

### FOURTH AFFIRMATIVE DEFENSE

6. Plaintiff fails to state a claim for which any relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

7. On information and belief, Plaintiff s claim for damages, if any, is limited to the extent that the time limitation of 35 U.S.C. § 286 has expired, and to the extent that Plaintiff has failed to mark its products, provide notice, or otherwise meet the requirements of 35 U.S.C. § 287.

### SIXTH AFFIRMATIVE DEFENSE

8. Plaintiff has failed to join as parties individuals and/or entities necessary to this action. Specifically, Plaintiff has failed to join the owner of the allegedly infringing website -- www.18eighteen.com.

### SEVENTH AFFIRMATIVE DEFENSE

9. Venue for the instant action in this Court is improper as it pertains to Score.

### EIGHTH AFFIRMATIVE DEFENSE

10. Score reserves the right to assert additional defenses that may be supported by evidence revealed.

### JURY DEMAND

Score demands a trial by jury of any and all issues triable of right before a jury.

Dated: July 11, 2012

By: /s/ Elizabeth L. DeRieux

Elizabeth L. DeRieux
State Bar No. 05770585
CAPSHAW DERIEUX, L.L.P.
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: ederieux@capshawlaw.com

Of Counsel:

Richard A. Morgan
Florida Bar No. 836869
richard.morgan@bipc.com
Matthew J. Feeley
Florida Bar No. 12908
matthew.feeley@bipc.com
Jennifer Olmedo-Rodriguez
Florida Bar No. 605158
jennifer.olmedo-rodriguez@bipc.com
BUCHANAN INGERSOLL & ROONEY, P.C.
Miami Tower
100 S.E. Second Street, Suite 3500
Miami, Florida  33131
Telephone: 305-347-4080
Facsimile:  305-347-4089

**ATTORNEYS FOR DEFENDANT**
**Score Internet Group, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 11th day of July, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux