IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LODSYS GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:12-cv-291 (JRG) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| GMCI INTERNET OPERATIONS, INC., et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT PLAYBOY ENTERPRISES, INC.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant and Counterclaimant-Plaintiff Playboy Enterprises, Inc. ("Playboy") by and through the undersigned attorneys hereby responds by way of Answer, Affirmative Defenses and Counterclaims to the Complaint ("Complaint") of Plaintiff and Counter-Defendant Lodsys Group, LLC ("Lodsys") as follows:[1]

**PARTIES**

1.  Playboy is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

2.  Playboy is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

3.  Playboy admits that it is a Delaware corporation. Playboy denies any other allegations in this paragraph of the Complaint.

---

[1] Playboy's Answer, Affirmative Defenses, and Counterclaims are filed concurrently with and subject to its motion to sever and transfer Plaintiff's claims against Playboy to the Southern District of Florida.

LA/307415

4.     Playboy is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

5.     Playboy is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

6.     Playboy is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

## JURISDICTION AND VENUE

7.     Playboy admits that the present action purports to arise under the patent laws of the United States. The remaining allegations in this paragraph of the Complaint are legal conclusions that do not require a response from Playboy.  To the extent the allegations require a response, Playboy denies the remaining allegations in this paragraph of the Complaint.

8.     This paragraph of the Complaint states a legal conclusion and does not require a response from Playboy.  To the extent a response is required, Playboy denies the allegations set forth in this paragraph of the Complaint.

9.     This paragraph of the Complaint states a legal conclusion and does not require a response from Playboy.  To the extent a response is required, Playboy denies the allegations set forth in this paragraph of the Complaint.

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,222,078

10.     Playboy admits that the Complaint purports to attach a copy of U.S. Patent No. 7,222,078 (the " '078 patent") as Exhibit A and that the '078 patent, on its face, states that it issued on May 22, 2007, and is titled "Methods and Systems for Gathering Information from Units of a Commodity Across a Network." Playboy is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

11. Playboy is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and, therefore, denies those allegations.

12. Playboy denies the allegations set forth in this paragraph of the Complaint.

13. Playboy is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

14. Playboy is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

15. Playboy is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

16. Playboy denies the allegations set forth in this paragraph of the Complaint to the extent those allegations are directed to Playboy. Playboy is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint directed to any entities other than Playboy.

## PRAYER FOR RELIEF

Playboy denies any and all allegations contained in the remainder of the Complaint and denies that Lodsys is entitled to any of the relief requested in paragraphs (a) through (f) of its Prayer for Relief or to any relief in any form whatsoever from Playboy. Playboy further denies each and every allegation in the Complaint to which it has not specifically responded.

## JURY DEMAND

Playboy admits that Lodsys has requested a trial by jury.

**AFFIRMATIVE DEFENSES**

In addition to the defenses alleged herein, Playboy reserves the right to allege additional defenses as they become known during the course of discovery.

**First Affirmative Defense**

17.     One or more of the asserted claims of the '078 patent are invalid and/or unenforceable for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

18.     Particularly, the '078 patent is currently being re-examined by the United States Patent and Trademark Office ("USPTO") and the USPTO has rejected many of the claims in the '078 patent for lacking novelty and/or obviousness, including claim 1, which Lodsys relies on for its infringement allegation against Playboy.

**Second Affirmative Defense**

19.     Playboy has not willfully or otherwise infringed, contributed to the infringement of, or actively induced others to infringe any valid and enforceable claim of the '078 patent, either directly or indirectly, either literally or under the doctrine of equivalents.

**Third Affirmative Defense**

20.     Lodsys has failed to state a claim upon which relief can be granted or otherwise sufficiently alleged infringement against Playboy.

**Fourth Affirmative Defense**

21.     Lodsys' claim for relief and prayer for damages are statutorily limited by 35 U.S.C. §§ 286, 287, 288 and/or 28 U.S.C. §1498.

### Fifth Affirmative Defense

22. Lodsys' claims are barred, in whole or in part, by the equitable doctrine of implied license, laches, estoppel, unclean hands and/or waiver.

### Sixth Affirmative Defense

23. Lodsys' claims are barred by the doctrine of prosecution history estoppel based on statements, representations and/or admissions made during prosecution of the patent application resulting in the '078 patent and/or re-examination of the '078 patent.

### Seventh Affirmative Defense

24. Lodsys' claim for injunctive relief is barred because there exists an adequate remedy at law and Lodsys' claim otherwise fails to meet the requirements for such relief.

### Eighth Affirmative Defense

25. One or more of Lodsys' claims are barred, in whole or part, by its failure to join one or more necessary and/or indispensable parties.

### Ninth Affirmative Defense

26. Lodsys' claims are barred in whole or in part due to its failure to mitigate damages, if any.

### Tenth Affirmative Defense

27. Lodsys lacks standing to bring infringement claims based on the '078 patent because, upon information and belief, it does not own all rights title and interest in the '078 patent.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

COMES NOW Playboy Enterprises, Inc., ("Playboy") in the capacity of Counterclaimant-Plaintiff and files these Counterclaims against Counter-Defendant Lodsys Group, LLC ("Lodsys") and in so doing alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over these Counterclaims for declaratory relief under Title 35 of the United States Code, 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

2. Venue is proper in this Court because Lodsys has consented to venue in the Eastern District of Texas by filing its claim for patent infringement in this Court. Playboy is moving to transfer this matter to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

3. Upon information and belief, and by virtue of the filing of the instant action, this Court has personal jurisdiction over Lodsys.

### PARTIES

4. Playboy is a Delaware corporation with its principal place of business in Beverly Hills, California.

5. Upon information and belief, Lodsys is a limited liability company organized under the laws of the State of Texas.

### FACTS

6. Lodsys has alleged that it is the owner of the patent whose number, title and issue date are as follows: U.S. Patent No. 7,222,078 entitled "Methods and Systems for Gathering Information from Units of a Commodity Across a Network ("the '078 patent").

7. Lodsys has sued Playboy for infringement of the '078 patent, alleging that Playboy has infringed "one or more claims, including but not limited to claim 1 of the '078 Patent" under 35 U.S.C. § 271.

8. As a result, there exists an actual and continuing controversy between Playboy and Lodsys.

## COUNT I

## DECLARATORY JUDGMENT OF

## NON-INFRINGEMENT UNDER 35 U.S.C. § 271 (a)-(c)

9. Playboy repeats and realleges the allegations of paragraphs 1-8 as if fully set forth herein.

10. Playboy has not infringed and does not infringe any valid and enforceable claim of the '078 patent.

11. Playboy has not induced and does not induce others to infringe or contributed to the infringement of any valid and enforceable claims of the '078 patent.

## COUNT II

## DECLARATORY JUDGMENT OF

## PATENT INVALIDITY

12. Playboy repeats and realleges the allegations of paragraphs 1-11 as if fully set forth herein.

13. The claims of the '078 patent are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

**PRAYER FOR RELIEF**

WHEREFORE, Playboy respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. Dismiss with prejudice the Complaint against Playboy;

b. Hold that Lodsys is not entitled to any relief, whether in law or equity or otherwise, from its suit against Playboy;

c. Declare that Playboy has not infringed and does not infringe any claim of the '078 patent;

d. Declare that each and every claim of the '078 patent is invalid;

e. Declare that each and every claim of the '078 patent is unenforceable;

f. Permanently enjoin Lodsys, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '078 patent against Playboy or any parents, affiliates, or subsidiaries of Playboy or any of its respective officers, agents, employees, successors, and assigns;

g. Find this case exceptional and award Playboy its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or otherwise; and

h. Award Playboy any additional relief as the Court may deem appropriate and just under the circumstances.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure Playboy respectfully demands a jury trial of all issues triable to a jury in this action.

8

Dated: July 26, 2012  /s/ Andrew W. Stinson

Frank M. Gasparo (Admitted Pro Hac Vice)
Venable LLP
1270 Avenue of the Americas
Twenty-Fourth Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
fmgasparo@venable.com

Andrew W. Stinson
RAMEY & FLOCK PC
100 East Ferguson
Suite 500
Tyler, Texas 75702
Telephone (903) 597-3301
astinston@rameyflock.com

ATTORNEYS FOR DEFENDANT
PLAYBOY ENTERPRISES, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 26, 2012 a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Andrew W. Stinson
Andrew W. Stinson